ZANEY BALTHROP v. JAMES H. TODD and wife.

(Filed 2 October, 1907).

**1. Deeds and Conveyances—Fraud—Burden of Proof—Nonsuit.**

In an action to set aside a deed for fraud it was error in the Court below to sustain a motion as of nonsuit at the close of plaintiff's evidence, tending to show that the male defendant procured the deed to be made to his wife, the sister of the plaintiff; that the defendants had made their home with the plaintiff for fourteen years and possessed her trust and confidence, the *feme* defendant being her sister and the male defendant her brother-in-law; that the plaintiff was a feeble old woman, in bad health, a widow, childless, could not read or write; that there was no consideration for the deed, though such was therein recited; that as an inducement for making the deed the male defendant promised to take care of the plaintiff for life, with the purpose of getting the deed and then "dropping her."

**2. Same—Presumptions—Evidence—Jury.**

When the evidence disclosed that the act complained of was induced by those in friendly relations and from one in a position of dependence or habitual reliance for advice, a presumption of fraud is raised as a matter of fact, and is alone sufficient to go to the jury.

CIVIL ACTION, tried at April Term, 1907, of NASH Superior Court, before *Biggs, J.,* and a jury. The action was brought to set aside three deeds executed 1 March, 1900, by plaintiff to Sarah J. Todd, the *feme* defendant. At the close of the evidence defendants' motion to nonsuit was sustained, and plaintiff excepted and appealed.

*Jacob Battle* for plaintiff.
*F. S. Spruill* for defendants.

BROWN, J.   It is in evidence that on 1 March, 1900, the plaintiff, a feeble old woman, approaching seventy years, conveyed her entire landed estate, consisting of three tracts, to her sister, Sarah J. Todd, with whom and her husband, James H. Todd, the plaintiff had made her home for some fourteen years.   No money was paid or promised, and at the

time the defendants did not claim that plaintiff owed them a penny.   Plaintiff had no other property whatever, except $108, to support herself.   In her advanced age and enfeebled condition she leaned upon her brother-in-law and sister and reposed trust and confidence in them.   Plaintiff was a widow, childless, could not read and write, and was in bad health. Shortly before the deeds were executed Todd told a neighbor that the plaintiff had some money and land; that he was going to promise to take care of her during her life, and thus get her property, and after he got it he was going to drop her.   He told the plaintiff that her brother intended to have a guardian appointed for her, and then she could no longer control her own property.   She doubtless thought that it was necessary to do as her brother-in-law told her to do in order to retain control of her property.   She asked him if she could not make a will.   He said: "Make a deed; it will be best, as a will can be destroyed."   James H. Todd then procured the deeds to be written and executed at his house, reciting a money consideration, although not a dollar was paid or promised, and no claim made that plaintiff owed him anything.

Clearly his Honor erred in not submitting the case to the jury upon appropriate issues and under proper instructions. It is true that the evidence does not bring the case within either of the four definite fiduciary relations mentioned by *Judge Pearson* in *Lee v. Pearce,* 68 N. C., 87, when the Court can instruct the jury that fraud is presumed as matter of law. But the evidence discloses plainly such "confidential relation" or "position of dependence" that, if the jury find the facts to be as testified to by plaintiff, the burden of proof shifts, and to sustain the validity of the deeds the defendants must satisfy the jury of the *bona fides* and legality of the transaction.   The evidence brings it within that class mentioned by *Lord Hardwick* in *Chesterfield v. Jansen,* where fraud arises from the circumstances and condition of the immediate parties to the

145—8

transaction. 2 Pom. Eq., secs. 922, 923. It comes within the fourth class of those *quasi* relations of confidence mentioned in *Lee v. Pearce,* viz.: "When the relation is that of friendly intercourse and habitual reliance for advice," which, *Judge Pearson* says, "raises a presumption of fraud *as matter of fact,* to pass before the jury for what it may be worth." See, also, *Buffalo v. Buffalo,* 22 N. C., 241; *Smith v. Moore,* 142 N. C., 296; *Timmons v. Westmoreland,* 72 N. C., 587; Bigelow on Fraud (1890), p. 295; 2 Pom. Eq., secs. 928 (2) and 956.

New Trial.